J-S43024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEROD MAURICE JARRETT, | : | |
| | : | |
| Appellant | : | No. 29 WDA 2018 |

Appeal from the PCRA Order December 6, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001882-2013,
CP-25-CR-0001884-2013

BEFORE:  STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 29, 2019**

Appellant Gerod Maurice Jarrett seeks review of the Order entered on

December 6, 2017, denying his first Petition filed pursuant to the Post

Conviction Relief Act, 42 Pa.C.S. §9541-9546 ("PCRA").  Appellant challenges

the stewardship of trial and appellate counsel and the legality of his sentence.

We affirm.

The factual and procedural history of this case is set forth in this Court's

Memorandum affirming Appellant's Judgment of Sentence imposed after a jury

found him guilty of Robbery and related offenses.  ***See Commonwealth v.***

***Jarrett***, No. 1197 WDA 2014 (Pa. Super. filed July 7, 2015).[1]  The Supreme

_____

[1] In sum, Appellant robbed a man at gunpoint in the City of Erie on April 8.
2013.  The victim subsequently obtained a sawed off shotgun to retaliate.
Police officers arrested the victim because of the weapon.  The victim identified

Court denied allowance of appeal on December 22, 2015. Appellant's Judgment of Sentence became final ninety days later on March 14, 2016, when his time for seeking review from the U.S. Supreme Court expired. *See* U.S. Ct. R. 13.

On January 23, 2017, Appellant timely filed his PCRA Petition *pro se*, raising twelve issues. The court appointed counsel, who filed a **Turner**/**Finley**[2] letter and a Petition to Withdraw as counsel asserting that the Petition was untimely. After Appellant objected to counsel's **Turner**/**Finley** letter and Motion to Withdraw,[3] the PCRA Court directed

_____

Appellant as the shooter after looking at a photo array compiled by investigating police detectives. The victim also described the jewelry that was stolen from his person and the black semiautomatic pistol used in the robbery. Police arrested Appellant and recovered a black handgun and the victim's jewelry from Appellant's car. Appellant had a bifurcated trial.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Appellant also filed a complaint with the Attorney Disciplinary Board. The Disciplinary Board investigated the complaint, spoke with PCRA counsel, and concluded counsel had simply made an error which he indicated he would correct. **See** Letter from Office of Disciplinary Counsel, dated 4/27/17. Appellant, acting *pro se*, forwarded a copy of the Disciplinary Board letter to the PCRA Court and requested that new counsel be appointed, noting that appointed counsel "at no time during the course of his representation … attempted to gather any information from me for purposes of preparing an Amended PCRA Petition[.]" **See** Letter from Appellant to Hon. John Garhart, filed 5/11/17. The court of common pleas ("CCP") docket indicates that the court clerk forwarded Appellant's letter to PCRA counsel and to the PCRA judge on May 11, 2017. No further action was taken on Appellant's request. Appellant's PCRA counsel continues to represent him in this Appeal.

- 2 -

counsel to "re-examine the facts and law underpinning his *Turner*/*Finley* [ ] letter," and "[i]n the event the subject PCRA petition is found to be timely, this Court directs [appointed counsel] to thoroughly examine the merits of each of Petitioner's substantive claims" and file an amended or supplemental PCRA Petition or submit a No Merit letter within 30 days.  Order, filed 4/17/17.[4]

On June 26, 2017, counsel filed a "Supplement" to Appellant's *pro se* PCRA Petition in which he "rescinded" his *Turner*/*Finley* letter and his Motion to Withdraw as counsel because "a substantive review and evaluation of Petitioner's underlying PCRA claims is warranted."  In the Supplement, PCRA counsel addressed Appellant's challenge to the legality of sentence, and restated Appellant's other issues in one or two sentences without providing any substantive review and evaluation of Appellant's remaining claims.

On October 24, 2017, the Court held a hearing limited to the issue of why trial counsel did not present Ebony Flemings as a defense witness at trial. On October 30, 2017, the court issued a "Notice of Intent to Dismiss without

---

[4] Counsel thereafter filed a Motion for Extension of Time, acknowledging that he had "misapprehended the procedural history" of Appellant's case and requesting a 45-day extension to file the "appropriate supplemental pleading given … that Petitioner has pled numerous claims[.]"  Motion, filed 5/11/17 at ¶¶5, 7.  The Court granted the counsel's Motion.

a Hearing pursuant to Pa.R.Crim.P. 907."[5]    On December 6, 2017, the PCRA

dismissed the PCRA Petition.

Appellant timely appealed and filed a Pa.R.A.P. 1925(b) Statement.  The

PCRA court filed a "1925(a) Opinion," incorporating its Rule 907 Notice.  PCRA

Ct.'s "1925(a) Opinion," filed Jan. 29, 2018.

Appellant raises the following issues for this Court's review:

1.  Whether [Appellant] presented a legally viable claim possessed
of arguable merit that would compel the striking of the sentence
and resentencing in light of the U.S. Supreme Court case of
**Alleyne v. United States**, [570 U.S. 99] (2013)?

2.    Whether [Appellant] states a claim for relief under Section
9714(a)(2), "the three strike law" as there was no factual or legal
predicate for purposes of subjection him to the three strike law in
that there was no predicate of a second strike in his criminal
history for purposes of instigating and applying the three strike
law for the instant case?

3.    Whether [Appellant was afforded ineffective [assistance] of
counsel for failure to file a suppression motion seeking the
suppression of the firearm as sought by [Appellant] in a written
directive to counsel?

4.    Whether [Appellant] was afforded ineffective assistance of
counsel in that [] defense counsel only met with him twice prior
to trial and then principally for the purpose of relaying plea offers

_____

[5] In its Rule 907 Notice, the PCRA court addressed Appellant's challenge to
the legality of sentence, Appellant's claims of trial counsel's ineffectiveness for
failing to request suppression of the gun and failing to call Ebony Flemings,
and Appellant's claim of an alleged **Brady** violation.  **See** Rule 907 Notice,
filed 10/30/17, at 6-15. The PCRA court discussed trial counsel's testimony
regarding why Ebony Flemings did not testify at trial, referencing the Oct. 24,
2017 hearing.  **Id**. at 15.  With respect to the other ineffectiveness claims,
the court concluded: "[a]fter close analysis, Petitioner's remaining claims are
vague, undecipherable, or clearly frivolous.  As such, we will not address those
claims herein."  Rule 907 Notice at 5.

to him instead of coordinating with [Appellant] for purposes of the preparation of a defense for trial?

5. Whether [Appellant] was afforded ineffective assistance of counsel in failing to argue that given the circumstance that the alleged victim, Bryce Moffett, who had an extensive criminal record, was found in possession of a sawed-off shotgun, that Moffet [*sic*] was motivated and had an interest n falsely accusing and concocting the allegations against [Appellant] to offset and draw the attention of the police from his own criminal conduct in regard to possessing a prohibited firearm?

6. Whether Counsel was ineffective in failing to call Ebony Flemings as a defense witness or otherwise upon her failure to abide by a subpoena to move for a continuance of the trial or a mistrial given the absence of this material witness for the defense?

7. Whether the Commonwealth committed a ***Brady*** violation in failing to provide evidence requested in discovery in the nature of small pictures that were introduced at trial of the alleged victim's jewelry?

Appellant's Brief at 2-3 (reordered).

## **Standard and Scope of Review**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Legality of Sentence**

In Appellant's first two issues, he challenges the sentencing court's application of 42 Pa.C.S. § 9714(a)(2), the three-strikes sentencing provision that imposes a mandatory minimum term of incarceration of 25 years if a defendant has previously been convicted of two crimes of violence.[6] Appellant avers that *Alleyne v. United States*, 570 U.S. 99 (2013), "has now been applied in the Commonwealth to serve to strike certain mandatory minimum sentencing schemes." Appellant's Brief at 7. He also asserts, without telling us what the prior convictions are, that his "prior criminal convictions did not comport with a crime of violence as mandated under this sentencing provision." Appellant's Brief at 7. Appellant concludes, without any analysis at all, that his "case falls squarely within the parameters of" *Alleyne*, *supra*, and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014). Appellant's Brief at 7.

In *Alleyne v. United States*, 570 U.S. 99 (2013), the U.S. Supreme Court held that "facts that increase mandatory minimum sentences must be

---

[6] Appellant's prior crimes include (1) on May 8, 2001, at Allegheny County docket 11762 of 1999, Appellant pled guilty to one count of Burglary pursuant to 18 Pa.C.S. § 3502(a), and one count of Robbery pursuant to 18 Pa.C.S. § 3701(a)(1); (2) on February 3, 2004, at Allegheny County docket 14837 of 2002, Appellant pled guilty to 5 counts of Robbery pursuant to 18 Pa. C.S. § 3701(a)(1) and one count of Aggravated Assault pursuant to 18 Pa.C.S. § 2702(a). Rule 907 Notice of Intent, dated Oct. 30, 2017, at 7 (citing Commonwealth's Notice of Applicability of Mandatory Minimum Sentence, dated Apr. 15, 2014, at ¶¶2-3).

submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne, supra* at 116. *Alleyne* is an extension of the Supreme Court's line of cases beginning with *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Most relevant to the case before us, the *Apprendi* Court specifically exempted the fact of a prior conviction from its holding. *Id.* Thus, the Commonwealth need not present the existence of a prior conviction to a jury and prove it beyond a reasonable doubt before a trial court may impose a mandatory sentence based upon that conviction. *See Commonwealth v. Hale,* 85 A.3d 570, 585 n. 13 (Pa. Super. 2013) ("Prior convictions are the remaining exception to [*Apprendi* and *Alleyne*], insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right."). *See also Commonwealth v. Griffin,* 804 A.2d 1, 18 (Pa. Super. 2002) (observing that in the wake of *Apprendi*, if an enhanced sentence is based upon the fact of a prior conviction, then the sentence is constitutional). Because the application of the mandatory sentence for a third-strike offense is triggered exclusively by the existence of a prior conviction, *Alleyne* has no application here.

Pennsylvania's three-strike rule provides, in relevant part, as follows:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute

to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa. C.S. § 9714(a)(1), (2).

Section 9714(g) defines "crime of violence" to include burglary and robbery. "Thus, the sentence enhancement applies to a person who is convicted of robbery or burglary and has previously been convicted of two or more crimes of violence arising from separate criminal transactions." *Commonwealth v. McClintic*, 909 A.2d 1241, 1249 (Pa. 2006).

At Appellant's sentencing hearing, after Appellant's counsel objected to the application of the three-strike rule, Appellant admitted that he had been convicted of the prior robbery and burglary crimes noted above. *See* N.T. Sentencing, 6/27/17, at 9-12.

In its "Rule 907 Notice," the PCRA court reviewed the three-strikes provision, as well as the public policy supporting it, before concluding:

[Appellant] had two prior robbery convictions on two separate Allegheny County dockets arising from two separate criminal transactions. [Appellant] admitted to those prior robbery convictions and admitted that those convictions at those particular dockets were indeed his. This Court afforded [Appellant] every opportunity to contest the fact of his two prior convictions as the foundation for a sentence under the Three Strikes sentencing statute. [Appellant] declined to contest those convictions. [Appellant's] conviction in Erie County at the above noted Docket number was his third conviction for a violent offense. Therefore, [Appellant] was lawfully sentenced pursuant to the mandatory Three Strikes Offender provisions of 42 Pa.C.S. § 9714(a)(1)-(2).

Rule 907 Notice of Intent at 9.

We conclude that the PCRA Court properly dismissed Appellant's **Alleyne** challenge and the challenge to the application of the three-strikes rule. Appellant admitted that he had committed both robberies and the burglary offense, both of which are predicate "crimes of violence" as defined in Section 9714(g). Therefore, the language of Section 9714(a)(2) required a sentence enhancement for Appellant because he was convicted of a crime of violence, robbery or burglary, and "at the time of the commission of the current offense," had two convictions for predicate crimes. Accordingly, Appellant's first and second issues are without merit.[7]

---

[7] To the extent Appellant asserts in one sentence that trial and appellate counsel were ineffective for failing to raise these legality of sentence issues, no relief is due. **See Commonwealth v. Freeland**, 106 A.3d 768, 778 (Pa. Super. 2014) (citation omitted) (observing that "it is axiomatic that counsel will not be considered ineffective for failing to pursue meritless claims." (brackets and citation omitted)).

**Ineffective Assistance of Counsel**

Appellant's next four issues pertain to the stewardship provided by trial counsel. The law presumes counsel has rendered effective assistance, and the burden of demonstrating ineffectiveness rests with an appellant. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015); *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987). A petitioner must prove all three factors or the claim fails. *Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014). Courts will not find counsel ineffective for failing to pursue a baseless or meritless claim. *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007).

We will address each of the issues underlying the four ineffectiveness claims *seriatim*.

### Suppression

Appellant contends that trial counsel should have filed a Motion to Suppress the firearm because "[t]he firearm and the jewelry of the alleged victim, Bryce Moffett, were the product of a search and seizure of [Appellant's] vehicle and constituted a significant factor in the cumulative evidence

proffered by the Commonwealth. The failure to articulate and raise a suppression claim to the subject search and seizure served to unduly prejudice [Appellant]." Appellant's Brief at 9.

Appellant fails to provide any development of the suppression claim beyond the above conclusory statements. We could, thus, find the issue waived. However, the PCRA court addressed the issue, after noting: "[Appellant] claims the firearm presented into evidence was prejudicial because other than the victim's testimony, there was no proof that it was the same firearm used in the robbery." Rule 907 Notice, dated 10/30/17, at 9.

The PCRA court noted the following facts with respect to the firearm:

At trial, Erie Police Detective Jason Triana testified that Bryce Moffett provided a specific description of Appellant's firearm. A firearm matching Moffett's description was recovered from Appellant's vehicle. Furthermore, Moffett identified the recovered firearm as the weapon used in the robbery.

After the testimony of Detective Triana, [Appellant's] counsel moved to strike the admission of the firearm into evidence. In response, the following discussion occurred:

Defense counsel: Just a couple of things, Your Honor. I didn't want to interrupt, and based on the testimony that's presented, I would move to strike the admission of the gun into evidence. Under the circumstances that we have here, while the witness has already testified and Mr. Moffett has testified that it's the same gun. Obviously he can't identify the same gun.

The court: It's similar.

Defense counsel: Similar. In this particular case there – and while, in fact, the officer – the detective has testified that the firearm was found in the gun, there has been –

The Court: In the car, you mean?

Defense counsel: I'm sorry, in the car.

The Court: Under the driver's seat?

Defense counsel: The car under the driver's seat. We don't have any testimony that, in fact – other than hearsay information, that Appellant was driving the vehicle or was in – nearby to the particular gun.

The court: I think you do. I don't need to hear from the prosecutor. There's testimony that his officer arrived there moments after the car stopped and sees Appellant outside the car and he doesn't see anyone else there. So I think there's clearly, by circumstantial evidence and the exclusion of the obvious, there's no one else there and he's in handcuffs. Did he see him behind the wheel operating the vehicle? No, but he arrives within moments, from a fair reading of the evidence, and he's there in handcuffs and no one else is around, so I think that's enough.

Would it have been better if the Commonwealth produced the officer that stopped him? I think it would have been. I don't think it's required for the motion, at this point in time.

(Complete Trial Transcript (Day 1), 04/10/14, at 125-26). Based upon the above, there was no error in admitting the firearm into evidence. As noted above, Moffett provided police with a specific description of the firearm which was shortly thereafter recovered at the scene of the [Appellants] arrest. Moffett unequivocally testified that the recovered firearm was the weapon [Appellant] used during the robbery.[ ] Accordingly, the firearm was properly admitted into evidence. Furthermore, [Appellant's] counsel was not ineffective for failing to object to its admission, since he did object and said objections was appropriately denied.

PCRA Ct. Rule 907 Notice, at 10-11 (internal citation to N.T. and footnote omitted; some brackets omitted).

- 12 -

In light of the above analysis, we cannot conclude that Appellant suffered any prejudice from his counsel's failure to file a motion to suppress as it would likely have been denied. Thus, this ineffectiveness claim fails.

**Counsel's alleged lack of preparation**

Appellant next avers that trial counsel provided ineffective assistance because he met with Appellant only twice prior to trial to convey plea offers from the Commonwealth. He contends only that at no time did counsel meet with him to prepare for trial or discuss strategy. Appellant's Brief at 9-10. Appellant has failed to provide any argument beyond this bare assertion.[8]

"The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore,* 916 A.2d 1128, 1140 (Pa. Super. 2007) (citation, quotation marks and brackets omitted). "While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) (citation omitted). Appellant has made no effort whatsoever to discuss the applicable law or to link the facts of his case to that law. His failure to

---

[8] Moreover, Appellant's brief averment fails to impugn trial counsel's strategy, which, based on our review of the record, appeared to be that the robbery never occurred and the victim was lying because he himself had been arrested for carrying a sawed-off shotgun. *See* N.T. Trial, 4/11/14, at 19. Appellant does not assert that he disagreed with that strategy or how counsel presented that strategy at trial.

develop a coherent legal argument in support of his claim results in waiver of this issue. ***See also*** Pa.R.A.P. 2119 (briefing requirements).

### Failure to argue the victim's motive to lie

Appellant next asserts that counsel was ineffective for failing to argue that the victim falsely accused Appellant due to his own extensive criminal record. ***See*** Appellant's Brief at 10. Again, Appellant fails to develop this argument. He does not cite to the record or to case law. He provides no legal analysis. For these reasons alone, we conclude he has waived the claim. ***See*** Pa.R.A.P. 2119, ***Beshore***, ***supra***, ***Freeman***, ***supra***.

Moreover, our review of the transcript from the closing argument belies Appellant's claim. Defense counsel's closing argument focused solely on the victim's motive to lie and the victim's prior record. N.T. Trial, 4/11/14, at 4-22. Thus, even if the claim were not waived, we would conclude it is without merit.

### Failure to ensure presence of witness at trial

In his next issue, presented in one sentence, Appellant contends counsel was ineffective "in failing to call Ebony Flemings as a defense witness or otherwise upon her failure to abide by subpoena to move for a continuance of the trial or a mistrial given the absence of this material witness for the defense." Appellant's Brief at 11. As with the prior issues, Appellant has utterly failed to develop an argument on this issue and it is, thus, waived.

Moreover, this issue is the sole issue upon which the PCRA Court held a hearing. Appellant fails to acknowledge the PCRA court's disposition of this issue, as provided in its Pa.R.Crim.P. 907 Notice. In addressing this issue, the PCRA court noted that Appellant's trial counsel had testified that he had, in fact, subpoenaed Ms. Flemings to testify at trial; the subpoena was duly served; and on the day of trial, she failed to appear. Tr.Ct.Op., at 15. Counsel also testified that "when a witness failed to appear for trial, it was his regular practice to consult with his client in order to determine whether they should proceed without the witness or whether they should request a continuance until the witness could be found." *Id*. The PCRA court noted that trial counsel did not have a recollection of what happened after Ms. Flemings failed to appear. The court also observed that counsel had testified that there were downsides to calling Ms. Flemings because she would have placed Appellant at the scene of the crime. *Id*.

In order to establish ineffective assistance for failing to call a witness, the petitioner must prove, *inter alia*, that the witness was available and willing to testify for the defense, and that the witness's testimony "would have been beneficial under the circumstances of the case." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1109 (Pa. 2012) (citation omitted). Because Ms. Flemings fled prior to trial, Appellant cannot prove that she was available and willing to testify for the defense. In fact, her fleeing is a clear indication that she was not available or willing to testify. Moreover, counsel testified that her

testimony would have put Appellant at the scene of the crime, which would not have been beneficial to Appellant. Thus, even if Appellant had not waived this claim, we would conclude it is meritless.

**Brady Claim**

Appellant's last claim is that the Commonwealth violated **Brady**[9] by failing to provide small pictures of the victim's jewelry to defense counsel before presenting them to the jury at trial, and trial counsel was ineffective for failing to object to the admission of the photos. Appellant's Brief at 10. Once again, Appellant has failed to develop this claim beyond its bare allegations. It is, thus, waived.

Moreover, even if Appellant had not waived the issue, it would garner no relief. In **Brady**, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

The PCRA Court addressed this claim as follows:

Here, Petitioner claims that the photographs of the victim's jewelry found in [Appellant's] vehicle were admitted into evidence without having been disclosed to the defense and without objection by Appellant's trial counsel. To be clear, this is not a **Brady** situation in which exculpatory or impeachment evidence was withheld from trial or from the defense. On the contrary, Appellant complains that the photos that the Commonwealth

_____

[9] **Brady v. Maryland**, 373 U.S. 83, 87 (1963).

- 16 -

submitted at trial were used to condemn Appellant and that defense counsel was not prepared to defend against the previously undisclosed photographs. Since the purportedly undisclosed photographs do not constitute materially exculpatory or impeachment evidence, **Brady** is inapplicable.

Rule 907 Notice at 13.

We agree with the PCRA court's analysis. The photographs were not favorable to Appellant and were, thus, not directly exculpatory evidence or impeachment evidence. Accordingly, there was no **Brady** violation. Because there is no merit to the underlying issue, Appellant's ineffectiveness claim fails.

Based on our review, we conclude that the PCRA court's dismissal is supported by the record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2019